UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID JOHNSON, | ) | Case No. 5:14 CV 709 |
| | ) | |
| | ) | JUDGE JAMES G. CARR |
| Petitioner, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| | ) | |
| MICHELLE MILLER, Warden, | ) | |
| | ) | |
| | ) | |
| Respondent | ) | **REPORT & RECOMMENDATION** |

Before me by referral[1] is David Johnson's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.[2]Johnson is incarcerated by the State of Ohio at the Belmont Correctional Institution in St. Clairsville, Ohio.[3] He is serving an aggregate sentence of 31 years in prison imposed in 2012 by the Stark County Court of Common Pleas following his conviction at jury trial of aggravated burglary, aggravated robbery, and disrupting public

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge James G. Carr in a non-document entry dated June 19, 2014.

[2] ECF # 1. Another petition, also filed by Johnson, in 5:14-cv-794, was the subject of a letter filed April 24, 2014 (ECF # 5) that was deemed to be a motion to consolidate the two petitions. ECF # 12. That motion was denied as moot, and 5:14-cv-794 was deemed dismissed.

[3] ECF # 1 at 1.

services.[4]

In his petition Johnson raises two grounds for relief, alleging: (1) that his conviction was against the manifest weight of the evidence and not supported by substantial evidence, and (2) that the trial court erred by imposing consecutive sentences.[5] The State, in turn, argues that to the extent the first ground maintains the conviction was against the weight of the evidence, it is non-cognizable.[6] Moreover, it asserts that the second claim is likewise non-cognizable as it is purely an attack on the State's application of its own sentencing law.[7] Finally, it contends that the claims alleging that the conviction was not supported by substantial evidence and that the consecutive sentence was premised on judicial findings that violated the Sixth Amendment right to trial by jury, such claims should be denied on the merits after AEDPA review.[8]

Johnson filed a traverse, wherein he states that the reason his conviction was not supported by substantial evidence is because all the evidence relied upon was circumstantial.[9] He further argues that the defect in his consecutive sentence is that the trial judge made no

[4] *Id*. at 2.

[5] *Id*. at A.

[6] ECF # 9 at 9.

[7] *Id*. at 16.

[8] *Id*. at 10-15, 18-23.

[9] ECF # 11 at 3.

findings of fact to support such a sentence.[10]

For the reasons that follow, I will recommend that Johnson's petition for a writ of habeas corpus be dismissed in part and denied in part as will be more fully set forth below.

## Facts

### A. Background facts, trial, and conviction

The facts underlying Johnson's trial and conviction are set forth by the state appeals court[11] and are here summarized.

In the morning of April 24, 2007, Allen Hollar had just let his dog back into his home by the back door. Hollar then fell asleep in a chair without locking the back door.[12] Hollar woke up when he felt a gun pressed against his head.[13] Upon awakening he saw two black males in his home wearing hoodies, gloves and ski masks.[14] The male holding the gun told Hollar, "We need all your cash or I'm going to blow your head off.[15] Hollar operated a limousine service from his home and was known to be paid in cash.[16]

---

[10] *Id*. at 10.

[11] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[12] ECF # 9, Attachment (state court record) at 54.

[13] *Id*.

[14] *Id*.

[15] *Id*.

[16] *Id*.

After frisking Hollar and discovering that his wallet contained only about $55.00 in cash, as well as some credit cards and a driver's license, the men proceeded to search the house.[17] During the search, one of the men unplugged the cordless phone, placing the handset in his pocket, and also put Hollar's cell phone in his pocket, before leaving after about 15-20 minutes with the comment - "We know where you live; I'll be back."[18] The men took cash, a watch, a bracelet, a necklace, a ring, Hollar's billfold, and the two phones.[19]

Hollar observed the men as they left his home, walking down a small path between his garage and his neighbor's garage that was bounded by hedges and a chain link fence.[20] Hollar then went to a phone hidden inside a decorative football helmet that the intruders had not discovered and called police.[21]

Upon searching the path used by the retreating robbers, police found a black ball cap identified by Hollar as the one worn by the armed intruder.[22] The hat was dry and uncontaminated by the elements.[23] Police also found wet, fresh spit on the path and the tips

---

[17] *Id*. at 55.

[18] *Id.*

[19] *Id*.

[20] *Id*.

[21] *Id*.

[22] *Id*.

[23] *Id*.

or filters of two small cigars or cigarettes, as well as fresh shoe prints.[24]

Forensic analysis showed that the DNA taken from the ball cap and from the spit both came from the same person, who was then determined to be Johnson.[25] No arrest was made at that time.[26] But, in 2011, while Johnson was incarcerated pending trial on a felonious assault charge, his DNA was obtained and compared to the information on file in connection with the 2007 burglary.[27] Johnson's DNA matched the DNA found on the ball cap, in the spit and on one of the filters.[28]

Johnson was then indicted on one count of aggravated burglary with a firearm specification, one count of aggravated robbery with a firearm specification and one count of disrupting public services.[29] After pleading not guilty, a jury found Johnson guilty on all charges.[30] On March 14, 2012,[31] the trial judge sentenced Johnson to nine years in prison on

---

[24] *Id*.

[25] *Id*. at 56.

[26] *Id*.

[27] *Id*.

[28] *Id*.

[29] *Id*. at 1.

[30] *Id*. at 4-5.

[31] The record shows that the verdict was given on February 29, 2012. *Id*. at 4. But the sentencing entry is shown as being filed on March 14, 2012. *Id*. The precise sequence of dates becomes more difficult to ascertain exactly when the notice of appeal from conviction and sentence was filed on March 12, 2102, or prior to the entry of the conviction and sentence appealed from. *Id*. at 8.

the aggravated burglary conviction, with a consecutive three years for the merged firearm specification, such sentence to be served consecutively to a five year term for the conviction for aggravated robbery and concurrent with a 12 months for disrupting public service - producing an aggregate sentence of 17 years. Moreover, these sentences were ordered to run consecutive to Johnson's prior 14 year sentence for felonious assault, thus yielding a total aggregate sentence of 31 years in prison.[32]

**B. Direct appeal**

1. Ohio court of appeals

On March 12, 2012, Johnson, through different counsel than had represented him at trial,[33] timely filed[34] an appeal from his conviction and sentence.[35] In his brief, Johnson raised the following two assignments of error:

1. The jury's findings of guilt were not supported by sufficient evidence and were against the manifest weight of the evidence.[36]

---

[32] *Id*. at 5-7.

[33] Jacob Will represented Johnson at trial. ECF # 11 at 2. Anthony Koukoutas represented him on appeal. ECF # 9 at 8.

[34] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

[35] As noted earlier, the notice of appeal was actually filed prior to the entry of the judgment.

[36] ECF # 9, Attachment at 10.

2. The trial court erred by ordering appellant to serve consecutive sentences.[37]

The State filed a brief in response,[38] and on November 29, 2012, the Ohio appeals court overruled both assignments of error, affirming the judgment of the trial court.[39]

2. The Supreme Court of Ohio

On January 14, 2013, Johnson, *pro se*, timely filed[40] a notice of appeal with the Supreme Court of Ohio.[41] In the memorandum in support of jurisdiction, Johnson raised the following two propositions of law:

1. Were the jury's findings of guilt supported by sufficient evidence and were the findings against the manifest weight of the evidence?[42]

2. Did the trial court err by ordering the appellant to serve consecutive sentences?[43]

The State waived the filing of a responsive brief.[44] On March 27, 2013, the Supreme

---

[37] *Id*.

[38] *Id*. at 31-52.

[39] *Id*. at 53-65.

[40] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. Appx. 448, 450 (6th Cir. 2010).

[41] ECF # 9, Attachment at 66.

[42] *Id*. at 76.

[43] *Id*.

[44] *Id*. at 114.

Court of Ohio declined to accept jurisdiction of the appeal, dismissing the case.[45]

The record does not indicate that Johnson then sought a writ of certiorari from the Supreme Court of the United States.

### C. Ohio Appellate Rule 26(B) application

On February 19, 2013, while Johnson's direct appeal was pending before the Ohio Supreme Court, Johnson, *pro se*, timely filed[46] a motion under Ohio Appellate Rule 26(B) with the Ohio appeals court to reopen his appeal.[47] The State did not file a responsive brief, and on March 12, 2013, the Ohio court of appeals denied the application to reopen.[48]

Johnson, *pro se*, then timely filed[49] an appeal of that decision with the Supreme Court of Ohio.[50] In his brief in support of jurisdiction, Johnson raised the following two propositions of law:

---

[45] *Id*. at 115.

[46] Under Ohio Rule of Appellate Procedure 26(B), an application to reopen the appeal must be filed within 90 days of journalizing the appellate judgment at issue, unless the applicant shows good cause for a later filing. *Kimble v. Gansheimer*, 2009 WL 4676959, at *11 (N.D. Ohio 2009)(citing Ohio App. R. 26(B)(1)).

[47] ECF # 9, Attachment at 116-136.

[48] *Id*. at 137-139.

[49] Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) provides that an appeal must be filed within 45 days of the judgment being appealed. Here, the appellate judgment was entered on March 12, 2013, and the notice of appeal filed in the Supreme Court on April 22, 2013.

[50] ECF # 9, Attachment at 140.

1. Appellate court erred when it denied appellant's App. R. 26(B) motion.[51]

2. Ineffective assistance of trial and appellate counsel.[52]

The State waived the filing of a responsive brief,[53] and on July 24, 2013, the Supreme Court of Ohio declined to accept jurisdiction, dismissing the appeal.[54] The record does not show that Johnson then sought a writ of certiorari from the Supreme Court of the United States.

**D. Federal habeas corpus petition**

In a petition docketed on April 1, 2014,[55]Johnson, *pro se*, timely filed[56] the present petition for federal habeas relief.[57] In the petition, Johnson raises the following two grounds for habeas relief:

Ground One: Were the Jury's findings of guilt supported by sufficient evidence and were the findings against the manifest weight of the evidence.[58]

---

[51] *Id*. at 143.

[52] *Id.*

[53] *Id*. at 160.

[54] *Id*. at 161.

[55] There is no information in the filing itself as to when it was placed into the prison mail system, this leaving the date of docketing as the only date for filing.

[56] *Id.* This petition was filed less than one year after the Ohio Supreme Court dismissed Johnson's appeal on July 24, 2013 and so is timely.

[57] ECF # 1.

[58] *Id*. at A.

Ground Two: Did the trial court err by ordering the petitioner to serve consecutive sentences.[59]

The State filed a return of the writ arguing that the component of ground one alleging that the verdict was against the manifest weight of the evidence, and all of ground two which contends that the trial court improperly applied Ohio statutory law in imposing consecutive sentences should here be dismissed as raising non-cognizable claims for relief.[60] Further, it contends that the portion of ground one raising a claim of insufficient evidence should be denied on the merits because the Ohio appeals court's decision on this matter was not an unreasonable application of the clearly established federal law of *Jackson v. Virginia*.[61]

Johnson filed a traverse.[62]

A previously filed motion for an evidentiary hearing[63] was denied.[64]

## Analysis

### A. Preliminary observations

Before proceeding further, I make the following preliminary observations:

1. There is no dispute that Johnson is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so

---

[59] *Id*.

[60] ECF # 9 at 9, 16-18.

[61] *Id*. at 10-15 (applying *Jackson v. Virginia*, 443 U.S. 307 (1979)).

[62] ECF # 11.

[63] ECF # 3.

[64] ECF # 13.

incarcerated at the time he filed this petition. Thus, Johnson meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[65]

2. There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[66]

3. Johnson states[67] that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[68] But, as noted above, this matter was consolidated with his other petition in Case No. 5:14cv794.[69]

4. Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[70]

5. Finally, Johnson is not represented by counsel, he has not requested the appointment of counsel,[71] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[72]

---

[65] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[66] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[67] ECF # 1 at 3.

[68] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[69] ECF #5.

[70] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[71] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[72] 28 U.S.C. § 2254(e)(2).

**B. Standards of review**

***1. Non-cognizable claims***

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[73] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[74] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[75]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[76] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[77] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[78]

---

[73] 28 U.S.C. § 2254(a).

[74] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[75] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[76] *Estelle*, 502 U.S. at 67-68.

[77] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[78] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

### *2. AEDPA review*

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[79]

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[80] As stated by the United States Supreme Court in *Williams,* a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[81] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[82]

Moreover, a federal court may not find that a state court unreasonably applied clearly

[79] 28 U.S.C. § 2254(d).

[80] *Williams v. Taylor*, 529 U.S. 362 (2000).

[81] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[82] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[83] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[84]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[85] and "highly deferential" to the decision of the state court.[86] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[87] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[88]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly

---

[83] *Williams*, 529 U.S. at 411.

[84] *Id.* at 409.

[85] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[86] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[87] *Richter*, 131 S. Ct. at 786.

[88] *Id.* at 786-87.

established federal legal principle to a new context.[89]

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[90] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[91] In such circumstances, the federal habeas court must give deference to the decision of the state court.[92]

### C. Application of standards

#### 1. To the extent that Ground One claims the conviction was against the manifest weight of the evidence, it should here be dismissed as non-cognizable.

As the State correctly notes,[93] a claim that the conviction was against the manifest weight of the evidence is not synonymous with a claim of insufficient evidence, and of itself does not raise a federal constitutional issue.

Specifically, in Ohio a claim that the verdict was against the manifest weight of the

---

[89] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[90] *Richter*, 131 S. Ct. at 784-85.

[91] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[92] *Brown*, 656 F.3d at 329.

[93] ECF # 9 at 9.

evidence invites the reviewing court to reconsider the evidence as a "thirteenth juror."[94] The AEDPA, however, expressly precludes the federal habeas court from such review. Under that authority, the federal habeas court "does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review."[95]

Consequently, an assertion that a conviction is against the manifest weight of the evidence does not state a cognizable claim for federal habeas relief and so should be dismissed.[96]

2. Ground Two - which alleges that the trial court improperly applied Ohio's statute concerning imposition of consecutive sentences - should here be denied as a non-cognizable state law claim.

As noted above, federal habeas relief is available only when the petitioner is in custody in violation of the Constitution, laws or treaties of the United States.[97] Consequently, "it is not the province of the federal habeas court to reexamine State court determinations on state law questions."[98] Indeed, as the Supreme Court clearly stated in *Lewis v. Jeffers*,[99]

---

[94] *See, State v. Thompkins,* 78 Ohio St.3d 380, 387 (1997).

[95] *Belle v.Kelly*, 2015 WL 2129503, at *8 (N.D. Ohio May 5, 2015)(citation omitted).

[96] *Id*. I note that Johnson attempts in his traverse to frame this claim as a denial of fundamental fairness, and thereby to obtain federal habeas review. ECF # 11 at 9. The essence of that argument is that circumstantial evidence is really a total absence of evidence. This argument is also the core of Johnson's claim of insufficient evidence and will be addressed in that section of this analysis.

[97] 28 U.S.C. § 2254(a); *Engle v. Isaac*, 456 U.S. 107, 119 (1982).

[98] *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).

[99] *Lewis v. Jeffers,* 497 U.S. 764 (1990).

"federal habeas corpus relief does not lie for errors of state law."[100]

Here, Johnson's argument in this claim for relief is that "the Trial Court erred in imposing consecutive sentences on Petitioner without specifying whether R.C. § 2929.14(C)(a)-(c applied to Petitioner."[101] As such, this is entirely a question of whether the state court properly applied state sentencing law, and so raises a claim for relief that is not cognizable here and so should be dismissed.[102]

3. The remaining portion of Ground One which asserts that the conviction was not supported by sufficient evidence should be denied on the merits because the state appeals court decision in this regard was not an unreasonable application of the clearly established federal law of *Jackson v. Virginia*.

The final portion of Ground One contends that the convictions were not supported by sufficient evidence. Johnson's core arguments are that the physical evidence against him was entirely circumstantial and that the testimony of the victim linking Johnson to that evidence was not credible.

Despite the general prohibition against federal habeas corpus review of issues of state law,[103] a claim that a petitioner was convicted with insufficient evidence is cognizable under

---

[100] *Id*. at 779.

[101] ECF # 1 at 17.

[102] *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003)(citing *Estelle*, 502 U.S. at 67); *Jackson v. Sloane*, 2014 WL 4472623, at * 3 (N.D. Ohio 2014)(citation omitted); *Dority v. Bunting*, 2013 WL 5797743, at * * 2-3 (N.D. Ohio 2013)(citations omitted)(mere error in application of Ohio sentencing law is not a denial of due process and does not state a cognizable claim for federal habeas relief).

[103] *See, Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

28 U.S.C. § 2254[104] because the Due Process Clause of the Fourteenth Amendment "forbids a State from convicting a person of a crime without proving the elements of that crime beyond a reasonable doubt."[105]

In that regard, the United States Supreme Court teaches that substantial evidence supports a conviction if, after viewing the evidence in the light most favorable to the prosecution, the reviewing court can conclude that any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.[106] This standard does not permit the federal habeas court to make its own *de novo* determination of guilt or innocence; rather, it gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to the ultimate fact.[107]

Moreover, in addressing an argument about the sufficiency of the evidence, it must be remembered that an attack on the credibility of a witness is simply a challenge to the quality of the prosecution's evidence, and not to its sufficiency.[108] Further, as the Sixth Circuit has stated, the review for sufficiency of the evidence must be viewed as containing two levels of deference toward the state decision: first, the deference set forth in *Jackson*,

---

[104] *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006).

[105] *Fiore v. White*, 531 U.S. 225, 228-29 (2001).

[106] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[107] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

[108] *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002).

whereby the evidence is to be viewed most favorably to the prosecution, and next, "even if [the court] to conclude that a rational trier of fact could not have found the petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as that is not unreasonable."[109]

Here, the state appeals court considering this claim recognized that the applicable standard for its analysis was *State v. Jenks*,[110] the Ohio case which incorporates the clearly established federal law of *Jackson* into Ohio law. The reviewing court then noted, also citing *Jenks*, that circumstantial and direct evidence are of equal evidentiary value.[111]

The Ohio appeals court thereupon reviewed the elements of aggravated burglary, aggravated robbery and disrupting public service as those crimes are defined in Ohio.[112] The court then concluded:

> [Johnson] is correct in noting that Hollar was unable to identify [Johnson] as the man who held a gun to his head, and the evidence in this case is circumstantial. However, Hollar was able to identify the cap found on the secluded path behind his home as the one worn by the man who held the gun to his head. [Johnson's] DNA was on the hat, which looked new and had not been exposed to the elements as if it had been on the path for a long time. Further, police found fresh spit on the same path which DNA testing revealed to be from [Johnson]. The area was not a public area, and from the DNA evidence collected with [*sic*] the path, coupled with Hollar's testimony as to what occurred in the house and his identification of the hat, the jury could have concluded that [Johnson] his cohort invaded the

---

[109] *Moreland v. Bradshaw*, 699 F.3d 908, 916-17 (6th Cir. 2012) (citations omitted).

[110] *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph 2 of syllabus (1991).

[111] *Id.* at 272

[112] ECF # 9, Attachment at 58-59.

house after Hollar left the door unlocked when he let the dog out.[113]

As the Ohio court's analysis demonstrates, there was more than sufficient evidence from which a rational trier of fact, drawing all reasonable inferences from the facts, could have found Johnson guilty of all charges beyond a reasonable doubt. Further, in addition to the evidence in this case meeting the Jackson standard, this Court is also bound to accord deference to the decision of the Ohio appeals court in rejecting Johnson's claim.

Thus, for the reasons stated, I recommend finding that Johnson has failed to show that the Ohio court's decision on this claim was an unreasonable application of the clearly established federal law applicable to this claim. Consequently, I recommend that this claim be denied on the merits.

## Conclusion

For the reasons stated, I recommend that the petition of David Johnson for a writ of habeas corpus be dismissed in part and denied in part as is more fully set forth above.

[113] *Id*. at 59.

Dated: September 30, 2015

s/ William H. Baughman, Jr.
United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[114]

[114] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).